(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

1 of 13

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

Devin L. Coleman

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

William Ngwa, Jasvir Kaur, Shatyra Henderson-Hamwright, Feeah Stewart, Centurion, Robert May (Warden), Michael Trader (Captin)

*(In the space above enter the full name(s) of the defendant(s).
If you cannot fit the names of all of the defendants in the
space provided, please write "see attached" in the space
above and attach an additional sheet of paper with the full list
of names. The names listed in the above caption must be
identical to those contained in Section IV. Do not include
addresses here.)*

Civ. Action No. _____
(To be assigned by Clerk's Office)

**COMPLAINT**
(*Pro Se* Prisoner)

Jury Demand?
☑ Yes
☐ No

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**


(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

2

## I. COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

Check one:

- [x] 42 U.S.C. § 1983 (state, county, or municipal defendants)

- [ ] Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

## II. PLAINTIFF INFORMATION

Name (Last, First, MI): **Coleman, Devin L.**        Aliases:

Prisoner ID #: **00434475**

Place of Detention: **James T. Vaughn Correctional Center (JTVCC)**

Institutional Address: **1181 Paddock Rd**

County, City: **New-Castle, Smyrna**    State: **DE**    Zip Code: **19977**

## III. PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

3

## IV. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1: __Ngwa, William__
Name (Last, First)

__Provider (at JTVCC)__
Current Job Title

__1181 Paddock Rd__
Current Work Address

__New Castle__   __Smyrna__   __DE__   __19977__
County, City    State    Zip Code

Defendant 2: __Kaur, Jasvir__
Name (Last, First)

__Provider (at Howard R Young Correctional Institute) "HRYCI"__
Current Job Title

__1301 East 12th Street__
Current Work Address

__New Castle Wilmington__   __DE__   __19809__
County, City    State    Zip Code

**Defendant(s) Continued**

Defendant 3: Henderson-Hamwright, Shatyra
Name (Last, First)

Provider (at HRYCI)
Current Job Title

130 East 12th
Current Work Address

New castle, Wilmington    DE    19809
County, City              State  Zip Code


Defendant 4: Stewart Feeah
Name (Last, First)

Provider (at JTVCC)
Current Job Title

1181 Paddock Rd
Current Work Address

New castle, Smyrna    DE    19977
County, City          State  Zip Code


Defendant 5: Centurion (official capacity)
Name

Prison Medical Service Provider
Job

1593 Spring Hill Road, Suite 600
Address

Vienna    VA    22182
City      State Zip

Defendant 6    Robert MAY  (official capacity)
               Name

               WARDEN @ JTVCC
               Job

               1181 Paddock Rd

               SMYRNA, DE   19977

Defendant 7

               Michael TRADER  (official capacity)

               CAPTIN @ JTVCC

               1181 Paddock Rd

               SMYRNA  DE   19977

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

## V. STATEMENT OF CLAIM

Place(s) of occurrence: at "HRYCI" and "JTVCC"

Date(s) of occurrence: Between 7/22/20 and present date

State which of your federal constitutional or federal statutory rights have been violated:

8th amendment deliberate indifference

*State here briefly the FACTS that support your case. Describe how each defendant was personally involved in the alleged wrongful actions, state whether you were physically injured as a result of those actions, and if so, state your injury and what medical attention was provided to you.*

FACTS:

What happened to you?

As a result of a 2012 left eye orbital fracture I was previously diagnosed w/ "Lagophthalmos"- which is essentially the inability to close one eye completely. The condition causes me sustained acute eye pain, chronic headaches, extreme light sensitivity, frequent double vision, light flashes, nausea and vertigo. I was initially committed to the DOC as an unsentenced inmate on or about 7-22-20. Begining with my initial commitment at (Howard R Young Correctional institute) "HRYCI" in 7-2020, I constantly submitted numerous sick call and grievance forms related to left eye pain and severe sensitivity to light. As a result of prior medical condition and current continued pain, I was subsequently added to chronic-care designation. Chronic care is a medical designation for inmates w/ chronic conditions or illnesses that require regular and closer review. Chronic care inmates are seen by providers (prison-DR's) atleast once a month. on or about 8-14-20 I was seen by defendant provider William-Ngwa, who at that time wrote a medical memo for solar sheild glasses to mitigate light exposure. At that time I also requested

[Margin note: Who did what?]

"tramadol" be ordered for pain which he declined and explained to me (even tho he'd himself perscribed this medication to me three times within the last 6mths and was fully aware of my eye condition and accompanying pain), "this is a different facility and a new medical service provider - due to policy, I can not" (Plaintiff was previously incarcerated serving 8 years at James T Vaughn (AKA JTVCC) where defendant William Ngwa, was plaintiffs primary treating physician. I was released 6-11-20 and subsequently re incarcerated for a vop) on or About 8-21-20 I recieved the medically provided solar sheild glasses. Due to constant pain, on or about 1-12-21 defendant provider Jasvir Kaur, After seeing me for complaints of pain due to light exposure Kaur, wrote a medical memo to have me authorized to have darker glasses delivered to the prison for medical reason. On or about 1-20-21 defendant Jasvir Kaur, After seeing plaintiff again for continued eye pain and reviewing past medical history, perscribed me tramadol to Relieve severe headaches and eye pain. Tramadol is a pain medication which had previously been perscribed to me by multiple treating Doc and community physicians, it effectivly reduced my pain level with the least amount of side effects. defendant provider Jasvir Kaur was made aware of this by discussion with plaintiff during medical visits and by review of my prison medical record from prior institution (JTVCC) At no point since this initial perscription At "HRYCI" has defendants or any other medical Doctor found plaintiffs underlying condition had improved or the severe pain accompanying it, had diminished without medication. Defendant Jasvir Kaur Allowed that 1-20-21 order to laps. After several days in pain without effective pain medication and severl requests to be seen by medical, on or About 2-4-21 defendant provider Shatyra Henderson-Hamwright Again reperscribed me tramadol to relieve the severe headaches and left eye pain. even tho this medication was the only medication

proven effective at providing any relief from the severe pain I was experiencing this order of tramadol would also laps. I was told by defendant Shatyra Henderson-Homwright, during a 2-2021 medical visit that it didnt matter if I was in pain or that other medications had been ineffective and/or ineffective w/ Adverse reactions per medical policy tramadol and any other Narcotic wouldnt be Authorized for more then 7 days. Due to the Aforementioned Centurion policy the 2-4-21 order by defendant provider Shatyra Homwright was the last time effective pain medication was ordered while plaintiff was housed At "HRYCE." Between that time and 5-7-21 defendant Shatyra Henderson Homwright would go on to order more then 8 diffrent medications many OTC's (over the counters) each ineffective or ineffective w/ documented Adverse reaction: stomach pain, blood in stool, Rash, Fever, Nausea ect. still rather then reorder medication that worked tramadol or effective equivellant, many of these meds, known to be ineffective meds were reordered multiple times by this defendant and provider Jasvir Kaur. Between 2-4-21 and 5-8-21 over (20+) sick calls to be seen by medical for pain were submitted by plaintiff to medical. At times no treatment was rendered at all. Numerous appointments with outside pain managment specialist for consult were made and frequently cancled or missed. On or about 5-11-21 I was first ordered a pain management consult by defendant Shatyra Henderson-Homwright, on or about 7-12-21 I was again ordered pain managment consult by defendant Jasvir Kaur. Several other consult appointments were made and missed on or about 7-15-21 Jasvir Kaur, Re-ordered "ibprofen" which, at that time, this medication was listed in my medical file as being ineffective and known to cause adverse reaction. Plaintiff wasnt seen for consult with pain managment until 3-2022. On or about 8-9-21 I was seen by Dr. Korley at "HRYCI" she is

"Was anyone else involved?"

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

a ophtalomogist, whom after seeing me, made written order for glasses darker then current solar sheilds to mitigate continued pain, intensified by light exposure. I never recieved darker glasses due to defendants Kavk and Hamwright, disregarding the recommend order for treatment. Which was subject to HRYCI provider's final approval. After being transfered from HRYCI to JTVCC in 2/22, I was finally seen by pain managment who after seeing me, ordered DARKER photo sensitivity glasses, pain medication: tramadol and nerve medication Lyrica. Upon returning to the institution within days I was seen by provider defendants, William Ngwa and FeeAH Stewart. I was told the gabapentin would be ordered but per policy tramadol, could not, no effective equivalant* was ordered. At that time I explained I was in pain, a lot of pain and would be without treatment for it. The providers Acknowledged plaintiffs condition and pain but said there would be no further Action. To present date nor was I issed or permitted to Recieve darker glasses. As a result of the combined effect of defendants deliberate indifference to my serious medical need for pain treatment (including but not limited too) darker glasses and effective pain medication) plaintiff has fell off the top bunk in the cell due to being dizzy from light exposure (mid MARCH 2022), often the headaches are so great plaintiff cant sleep, plaintiffs vision is often blurry or doubled making it impossible to read, example: CASELAW, at the usual font size printed by JTVCC's LAW Library (or most other printed documents) plaintiff has changed the way he eats as far as timing on very sunny days, plaintiff is more likely then not to be nauseated due to light exposure, previously plaintiff has vomitted due to

[Sidebar note: "Was anyone else involved?"]

*gabapentin is equivalant to Lyrica

Page 7 of 10

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

> **Was anyone else involved?**

nausea, which is intensified by light exposure. On or about March 31 2022 I contacted the MHU unit commander defendant Michael TRADER AKA "CAPTIN TRADER" and requested I be moved to a cell where I can controll the light and/or the overhead cell light, in the cell I'm currently housed, be dimmed or extinguished due to it causing me pain. I also wrote grievances, that were returned unprocessed and directed me to follow up with Capt trader which I did and no further action was taken. On or about 4-25-22 I sent via in-house mail a letter to Warden Robert May and the medical Health service Administrator explaining my eye condition and resulting pain, I explained how medical providers were refusing to treat me for the chronic pain and that without intervention it'd likely continue. I explained how my pain was intensified by light exposure and how Recommendations were made but not followed by outside providers, I requested the warden in addition to, specifically to change my cell or to dim or extinguish the bright light that turns on at 7am every day till 11:30 pm — how I was already in pain and that light was causing the pain to be intensified. I never recieved any response. I personally had a conversation with Captin TRADER about my eye condition and resulting pain. ~~[scribbled out]~~ in late March or April in 20 bldg at JTVCC. As the MHU unit commander he could have moved my cell and or had the light dimmed or extinguished. Also Defendant Warden May could have moved my cell or had light dimmed or extinguished. I subsequently wrote the warden and Captin that I'd be filling another grievance about the light exposure and lack of treatment for pain and I did, wrote another grievance, neither defendant wrote back or took action

Page 7 of 10

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

## VI. ADMINISTRATIVE PROCEDURES

*WARNING: Prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

Is there a grievance procedure available at your institution?  ☒ Yes  ☐ No

Have you filed a grievance concerning the facts relating to this complaint?  ☒ Yes  ☐ No
If no, explain why not:

Is the grievance process completed?  ☒ Yes  ☐ No
If no, explain why not:

## VII. RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

25,000.00 Compensatory damages against William Nyha in his individual capacity, 15,000.00 (each) Compensatory damages against Jasvir Kaur and Shatura Henderson-Hamwright (in individual capacity) 10,000.00 compensatory damages against Feesh, Stewart (in individual capacity) Centurion: 40,000.00 against Centurion, compensatory in official capacity & injunctive relief against Robert May (Warden) and captin Michael Trader (official capacity); dimming or extinguishing the over head cell light where plaintiff is housed. Punitive damages against Centurion in official capacity

Page 8 of 10

## VIII. PRISONER'S LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).*

Have you brought any other lawsuits in state or federal court while a prisoner?  ☒ Yes  ☐ No

If yes, how many? __4__

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

- 19-696 deliberate indifference, under Appeal currently
- Devin Coleman v. Connections 2019 of 2018 settled —
- Devin Coleman v. Matthew Stevenson state court dismissed
- Of court Coleman v. Carroll Powell maybe 2012 voluntary withdraw

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

13

## IX. PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; and (3) complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

*Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

05-8-2022
Dated

Plaintiff's Signature

Coleman, Devin
Printed Name (Last, First, MI)

00434475
Prison Identification #

1181 Paddock Rd       Smyrna       DE       19977
Prison Address        City          State    Zip Code

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**