IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEVON L. COLEMAN, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civ. No. 22-654-GBW |
| | : |
| WILLIAM NGWA, et al., | : |
| | : |
| Defendants. | : |

Devin L. Coleman, James T. Vaughn Correctional Center, Smyrna, Delaware, Pro Se Plaintiff.

Scott G. Wilcox, Esquire, Moore Rutt, PA. Counsel for Defendants William Ngwa, Jasvir Kaur, Shatyra Henderson-Hamwright, Deeah Stewart, and Centurion.

Robert M. Kleiner, Delaware Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for Defendants Robert May and Michael Trader.

---

**MEMORANDUM OPINION**

October 28, 2022
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I. INTRODUCTION

Plaintiff Devin L. Coleman ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5) Pending are numerous motions. (D.I. 5, 12, 15, 21, 22, 24)

## II. BACKGROUND

Plaintiff suffers from dry eyes and lagophthalmos, a condition which prevents him from fully closing his eyelids. (D.I. 3 at 6) Because he has sensitivity to light and pain due to the condition, he is prescribed solar shield glasses and pain medication. (*Id*. at 6-10) He has received treatment for the conditions at both Howard R. Young Correctional Institution and James T. Vaughn Correctional Center.[2] (*Id*.) Pending are several motions including Plaintiff's motion for injunctive relief, requests for counsel, motion for discovery, motions for

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[2] State Defendants Warden May and Michael Trader are sued in their official capacities. A service order will issue this date. Medical Defendants William Ngwa, Jasvir Kaur, Shatyra Henderson-Hamwright, Feeah Steward, and Centurion have waived service of summons. (D.I. 16, 17, 18, 19, 20)

1

show cause, and motion for a medical evaluation (D.I. 5, 15, 21, 24) and medical Defendants' motion to dismiss (D.I. 22).

## III. MOTION FOR INJUNCTIVE RELIEF

Plaintiff filed a motion for injunctive relief or, in the alternative, a request for counsel a few days after he commenced this action.[3] The motion does not specifically request relief. Liberally construing the motion, it appears that due to his medical condition Plaintiff seeks dimming of lights where he is housed, darker solar shades, and effective pain medication. Defendants oppose the motion. (D.I. 13, 14)

### A. Legal Standards

A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("NutraSweet II"). The elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("NutraSweet I") (a temporary restraining order continued beyond the time permissible under Rule 65 must be treated as a preliminary injunction, and must

---

[3] Plaintiff's requests for counsel (D.I. 5, 15, 24) are discussed in Paragraph IV, *supra*.

conform to the standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153. Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution. *Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

**B. Discussion**

Plaintiff is housed in MHU where the lights are on daily from 7:00 a.m. to 11:30 p.m. He contends that the constant, unobstructed lighting causes him to suffer severe eye pain, headaches, and nausea. (D.I. 5 at 1) Plaintiff states that the State Defendants are aware of his medical condition. He has repeatedly requested a medical memorandum to dim or extinguish the lights to no avail. (*Id.*)

Plaintiff also indicates that he is denied effective pain medication. (*Id.*) Plaintiff was seen by a pain specialist who ordered Tramadol twice a day and Lyrica for optic nerve issues. (*Id.* at 2) Plaintiff states that Medical Defendants disregarded and declined to follow the specialists' orders as they related to pain medicine and darker sun shields. (*Id.* at 2)

Medical Defendants respond that Plaintiff was issued a short-term prescription of Tramadol, advised of the negative long term effects of the

3

medication and, when the prescription ran out, Plaintiff was given other pain medication that was less addictive and contained less side effects. (D.I. 13 at 20) Plaintiff indicated that the substitute medication caused side effects, but he refused diagnostic tests to confirm this. (*Id.*) Medical Defendants dispute Plaintiff's statement that they did not accept the recommendation of darker solar shields for Plaintiff. (*Id.*) Medical Defendants state that a medical memorandum was issued in June 3, 2022 to obtain approval for darker shaded glasses, and new glasses have yet to be approved. (*Id.* at 3 n.1) Medical Defendants further state that a medical memorandum was issued that requested Plaintiff's housing in an area with less bright lights or lights outside of the cell that could be dimmed. (*Id.* at 3) According to Medical Defendants, housing is a security issue left to the Department of Correction and "apparently the request was rejected." (*Id.*) Medical Defendants state that Plaintiff refuses to take prescribed pain medical, has refused to attend medical appointments, does not like the special shaded glasses he was issued, and has allowed other inmates to use the specialized glasses. (*Id.* at 3-4)

Warden May states that Plaintiff's security classification is medium, he is housed in MHU, and assigned to a lower bunk. (D.I. 14 at 3) In MHU, cell and tier lights are illuminated between 7:00 a.m. and 11:00 p.m. (*Id.* at 3). In those areas of the prison with inmate access to light switches, the lights are on from 6:00 a.m. to 11:00 p.m. (*Id.* at 4) The DOC has taken steps to prevent or minimize pain

by reassigning Plaintiff to a bottom bunk and permitting him to wear solar shields indoors. (*Id.* at 5) Plaintiff does not have a medical memorandum directing that the lights in his cell be dimmed or extinguished. (*Id.*)

The record reflects that MHU is controlled by security personnel and its lighting systems are designed to provide a safe and secure environment. Here, the DOC has made accommodations for Plaintiff's medical condition that include a bottom bunk assignment and the use of solar shields.

The record also reflects that Plaintiff receives, and continues to receive, treatment for his medical condition. He does not, however, agree with that treatment and seeks medication that he prefers. It is well established that "a prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)) An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976).

Given the record evidence, the Court finds that Plaintiff has not met his burden for injunctive relief. More particularly, he has failed to show that he is likely to succeed on the merits or that denial of his motion will result in his irreparable harm. Therefore, the motion for injunctive relief will be denied. (D.I. 5) Plaintiff's motion for limited discovery with regard to the motion for injunctive relief will be denied as moot. (D.I. 15)

## IV. REQUEST FOR COUNSEL

Plaintiff appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. He requests counsel for the limited purpose of determining whether there is a meritorious basis for Plaintiff's motion for injunctive relief (D.I. 5) and for the limited purpose of assisting with the motion for injunctive relief (D.I. 15, 24).

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel.[4] See *Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain

---

[4] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the Court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that Plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his requests for counsel and, particularly, that he requests counsel to assist with his motion for injunctive relief. As discussed above, the motion will be denied. Accordingly, Plaintiff's requests for counsel will be denied without prejudice as moot. (D.I. 5, 15, 24)

## V. MOTIONS FOR ORDERS TO SHOW CAUSE

Plaintiff has filed two motions for the Court to enter orders to show cause. The first, to show cause or evaluate Plaintiff's medical treatment. (D.I. 21) In essence, Plaintiff seeks injunctive relief. The second, to show cause why Plaintiff is not receiving medical treatment. Again, Plaintiff appears to seek injunctive relief.

At this juncture, the Court declines to issue show cause orders and will deny the motions. (D.I. 21, 24) As previously discussed, the record indicates that Plaintiff receives medical treatment, albeit not to his liking.

## VI. MOTION TO DISMISS

Plaintiff will be ordered to file a response to Medical Defendants motion to dismiss. (D.I. 22)

## VII. CONCLUSION

For the above reasons, the Court will: (1) deny Plaintiff's motion for injunctive relief (D.I. 5); (2) deny without prejudice as moot Plaintiff's requests for counsel (D.I. 5, 15, 24); (3) deny as moot Medical Defendants motion for an extension of time (D.I. 12); (4) deny as moot Plaintiff's motion for discovery (D.I. 15); and (5) deny Plaintiff's motion for a medical evaluation and for orders to show cause (D.I. 21, 24).

An appropriate order will be entered.