IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DEVIN L. COLEMAN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | C.A. No. 22-654 (GBW) |
| WILLIAM NGWA, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

At Wilmington this 26th day of September, 2023, having considered the Medical Defendants' motion to dismiss (D.I. 22); the State Defendants' motion to dismiss (D.I. 30); and Plaintiff's motion for a preliminary injunction (D.I. 35);

**The Medical Defendants' Motion to Dismiss.** Plaintiff Devin L. Coleman, a prisoner confined at the James T. Vaughn Correctional Center ("JTVCC"), filed this *pro se* action pursuant to 42 U.S.C. § 1983,[1] bringing claims for deliberate indifference to his medical needs in violation of the Eighth Amendment. (D.I. 2). The Medical Defendants urge dismissal on the grounds that "Plaintiff has failed to exhaust his administrative remedies and because he has failed to present evidence

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

that the Medical Defendants were deliberately indifferent to his medical needs." (D.I. 22 at 3).

The Prison Litigation Reform Act of 1995 (PLRA) prevents prisoners from filing suit with respect to prison conditions under Section 1983 "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Under the PLRA, prisoners must exhaust all available administrative remedies at the prison level before bringing suit. *See Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007). To properly exhaust his administrative remedies, an inmate must "complete the administrative review process" in compliance with all applicable procedural rules prior to filing suit in federal court. *Woodford*, 548 U.S. at 88. In other words, inmates must avail themselves of "all steps the agency holds out." *Id.* at 90 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). The exhaustion requirement applies to all inmates seeking "redress for prison circumstances or occurrences." *Porter v. Nussle*, 534 U.S. 516, 520 (2002).

Because an inmate's failure to exhaust under PLRA is an affirmative defense, the inmate is not required to specially plead or demonstrate exhaustion in his complaint. *Jones v. Bock*, 549 U.S. 199, 211-17 (2007); *Small v. Camden Cnty.*, 728 F.3d 265, 268 (3d Cir. 2013). Failure to exhaust administrative remedies must be pled and proved by the defendant. *Rinaldi v. United States*, 904

F.3d 257, 268 (3d Cir. 2018). When a defendant shows that a plaintiff inmate did not exhaust administrative remedies, the plaintiff has the burden of showing that administrative remedies were not available. *Id.* Factual disputes about exhaustion are issues for the court to decide, but only after notice and an opportunity for the parties to submit relevant materials. *Id.* at 265.

Plaintiff, despite not having the initial burden to plead or demonstrate exhaustion, alleges in the Complaint that he exhausted his administrative remedies. (D.I. 3 at 11). The Medical Defendants assert, without accompanying evidence, that he did not exhaust. The Medical Defendants have thus failed to plead and prove the affirmative defense of failure to exhaust administrative remedies. The motion to dismiss on this ground will be denied without prejudice to renew this affirmative defense on summary judgment.

In arguing repeatedly that Plaintiff "has failed to present evidence" supporting his claims on the merits, the Medical Defendants have presented their motion to dismiss as if it were a motion for summary judgment. Indeed, in supporting their arguments, they cite medical studies, regulations, and facts outside the pleadings. Accordingly, the Medical Defendants' motion to dismiss on the ground of failure to state a claim will be denied as well.

**The State Defendants' Motion to Dismiss.** Plaintiff sued the State Defendants (Robert May and Michael Trader) in their official capacities only and

3

sought only injunctive relief against them in his Complaint—"dimming or extinguishing the overhead cell light where Plaintiff is housed." (D.I. 3 at 11). Plaintiff does not dispute the State Defendants' assertion that Plaintiff has been since "moved [] to a 'single cell' (i.e. a cell which he does not share with another prisoner) where he has access to the light switch which controls the lighting in his cell. (D.I. 30 at ¶ 10) (citing D.I. 30-3 (affidavit of Jason Schaffer)). Although Plaintiff contends that this situation is likely to occur again because he does not believe the State Defendants' explanation that they had not received a memo from the Medical Defendants requesting such a remedy when they failed to take remedial action previously, the speculative believe does not represent the kind of ongoing federal violation that injunctive relief was meant to remedy in the § 1983 context.[2]

Now therefore, IT IS HEREBY ORDERED that:

1.  The Medical Defendants' motion to dismiss (D.I. 22) is **DENIED** without prejudice to the renewal of the failure to exhaust affirmative defense on summary judgment.

---

[2] The undisputed facts that Plaintiff was temporarily moved to a cell without access to a light switch for four days from April 28 through May 1, 2023, in relation to a disciplinary hearing, and was provided solar shields prescribed by a medical provider, access to an eye patch, and a bottom bunk, do not change this analysis. (D.I. 34).

2.  The State Defendants' motion to strike Plaintiff's sur-reply briefs is **DENIED**. Plaintiff's sur-reply briefs (D.I. 33, 38) are **ACCEPTED**.

3.  The State Defendants' motion to dismiss (D.I. 30) is **GRANTED**.

4.  Defendants Robert May and Michael Trader are **DISMISSED** from this action.

5.  Plaintiff's motion for a preliminary injunction (D.I. 35) is **DENIED** for essentially the same reasons the Court previously denied his motion for a temporary restraining order (D.I. 25, 26).[3]

6.  The Medical Defendants shall file their answer within twenty-one (21) days of this Memorandum Order.

 

_____
The Honorable Gregory B. Williams
United States District Judge

---

[3] As noted, Plaintiff has been moved to a cell where he can access a light switch. (D.I. 30 at ¶ 10).