IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEVIN L. COLEMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-654 (GBW) |
| | ) |
| WILLIAM NGWA, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this 29th day of November, 2023, having considered the Plaintiff's motion for reconsideration of the dismissal of the State Defendants from this action (D.I. 41); Plaintiff's motion for a preliminary injunction against the State Defendants (D.I. 53); and Plaintiff's motion for show cause hearing and temporary restraining order against the State Defendants (D.I. 56);

IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (D.I. 41) is **GRANTED**.

2. The State Defendants (Robert May and Michael Trader are **REINSTATED**.[1]

---

[1] When the Court granted the State Defendants' motion to dismiss, the Court did so primarily based on the undisputed March 22, 2023 affidavit of JTVCC Security Superintendent Jason Schaffer, which stated that, at that time, Coleman "ha[d] a single cell, meaning that he [did] not share his cell with any other inmate," that the lighting system in his area of the prison allowed him to control the lights, and that "reasonable accommodations had been made to aid Coleman with his light

3. The State Defendants' response to Plaintiff's motion for a preliminary injunction (D.I. 58) is **STRICKEN**.[2]

4. The State Defendants shall file an amended response to Plaintiff's motion for a preliminary injunction within fourteen (14) days of the date of this Memorandum Order.[3]

---

sensitivity, including assigning Coleman to a bottom bunk to distance himself from the direct light." (D.I. 30-3 at 2-3). The Court concluded that the only relief Coleman sought from the State Defendants—injunctive relief related to his light sensitivity—had been satisfied, and accordingly dismissed the State Defendants. (D.I. 40 at 3-4). The Court rejected, based on Schaffer's representations, Plaintiff's concerns for the recurrence of the State Defendants' failure to accommodate his light sensitivity. (*Id.* at 4). In Schaffer's November 27, 2023 affidavit, however, he states that Coleman now shares his cell with another inmate, but is still able to control the lights. (D.I. 58-1). Coleman, however, asserts that he is assigned to the top bunk while the other inmate is assigned to the bottom bunk, he is in constant pain due to the unobstructed lighting and he has been prohibited from the indoor use of solar shields or sunglasses. (D.I. 53 at 3). Coleman also asserts that his cellmate writes many letters which require the lights being on. (D.I. 54 at 1-2).

[2] Defendants' response to Coleman's motion for a preliminary injunction was generally lacking in its failure to address the issues outlined in footnote one above, and rested in part on the fact that "this Court has dismissed all claims against State Defendants." (D.I. 58 at 4). This is no longer the case.

[3] Defendants' amended response should also address Plaintiff's request for a show cause hearing and temporary restraining order. (D.I. 56).

5. The State Defendants shall file an answer to the Complaint within twenty-one (21) days of the date of this Order.

_____
The Honorable Gregory B. Williams
United States District Judge